# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PATRICK D. BORDEN,**

    Plaintiff,

v.                                             Case No. 25-CV-1219

**FRANK J. BISIGNANO,**
**Commissioner of the Social Security Administration,**

    Defendant.

---

## ORDER

The Commissioner has filed a motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 30.) Despite filing the administrative transcript on November 21, 2025 (ECF No. 15), the Commissioner indicates that his further review of Borden's claims warrants a new hearing and decision (ECF No. 30).

It was procedurally improper for the Commissioner to file his own remand motion after filing the administrative record (ECF No. 15) and after the plaintiff filed his brief in support (ECF No. 17). See *Dehart v. Colvin*, No. 15-CV-322, 2016 U.S. Dist. LEXIS 194891, at *2 (E.D. Wis. Jan. 27, 2016); see also *Kwasniewski v. Saul*, No. 17-cv-1445-pp, 2020 U.S. Dist. LEXIS 123402, at *3 (E.D. Wis. July 14, 2020); *Lentz v. Berryhill*, No. 16-C-1450, 2017 U.S. Dist. LEXIS 219262, at *3 (E.D. Wis. Nov. 1, 2017). However, the issue that often arises with this procedural error is that the parties cannot agree to the details of a remand. That does not appear to be the case here; Borden has not filed anything with the court or otherwise indicated he opposes the motion. Absent objection from Borden, the court will grant the Commissioner's motion. See *Dehart,* No. 15-CV-322, 2016 U.S. Dist. LEXIS 194891, at *2-3 ("That, of

course, is not to say that once the transcript is filed the Commissioner is forever bound to oppose remand. The court welcomes the parties stipulating to a resolution at any time."). Accordingly,

**IT IS THEREFORE ORDERED** that this case be remanded to the Agency pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings and that judgment be entered pursuant to Federal Rule of Civil Procedure 58. Upon receipt of the Court's order, the Appeals Council will remand the matter to an administrative law judge with instructions to offer Plaintiff the opportunity for a hearing; proceed through the sequential disability evaluation process as appropriate; obtain supplemental vocational expert testimony if warranted; and issue a new decision.

Dated at Green Bay, Wisconsin this 5th day of March, 2026.

<u>s/ Byron B. Conway</u><br>
BYRON B. CONWAY<br>
U.S. District Judge